UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVYON C. HARBOR,<br><br>            Plaintiff,<br><br>      v.<br><br>DOCTOR FRAZE et al.,<br><br>            Defendants. | No.  2:14-cv-1781 WBS DAD P<br><br><br><br>ORDER |

    Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to the undersigned by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

    Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## SCREENING REQUIREMENT

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Bell Atlantic, 550 U.S. at 555.  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

/////

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

### PLAINTIFF'S COMPLAINT

In his complaint, plaintiff has identified as defendants Dr. Fraze, Dr. Borges, Dr. Dhillon, P. Sahota, J. Copley, J. Lewis, and L. Zamora. Therein plaintiff asserts two claims against the defendants for denial of adequate medical care. In his first claim, plaintiff alleges that in 2013, fire marshals ordered Folsom State Prison to close a building due to potential fire hazards and that prison staff assigned the inmates living in the building to other cells throughout the prison. According to plaintiff, at that time prison staff ignored his medical chronos and improperly housed him in a cell that required him to climb stairs. While plaintiff transported his property up the stairs, plaintiff heard his knee pop, and he felt an instant pain rush through his leg. Plaintiff had undergone major knee surgery the year before and had not fully recovered. Plaintiff alleges

1    that he filed an inmate appeal and asked to see a specialist and to have an MRI done on his knee.
2    Defendants Dhillon, Copley, Lewis, and Zamora denied his inmate appeal.  Plaintiff subsequently
3    transferred to California Medical Facility where a doctor ordered an MRI for him and prescribed
4    him pain medication.  The MRI revealed that plaintiff had a tear in his lateral meniscus.  Plaintiff
5    underwent surgery for the tear on June 17, 2014.  (Compl. Attach. Claim One 1-3.)

6    In his second claim, plaintiff alleges that as early as 2008, prison doctors at Centinela
7    State Prison prescribed him Ibuprofen for headaches and back pain.  Plaintiff complained to
8    defendant Fraze that he had stomach and digestive problems, and defendant Fraze ordered blood
9    tests.  According to plaintiff, twelve of his test results were out of range, but defendant Fraze
10   ignored them.  Subsequently, plaintiff alleges that he had two additional blood draws and learned
11   that he suffered from chronic renal insufficiency.  Plaintiff alleges that defendant Borges at
12   Folsom State Prison told him that it stemmed from his use of NSAID pain medication and made a
13   note in plaintiff's medical file to no longer prescribe plaintiff such medication.  Plaintiff asked to
14   see a kidney specialist, and defendant Borges said he would allow him access to a see a specialist
15   but wanted to run an additional test to see if plaintiff had Lupus.  The test result was negative, but
16   defendant Borges has not allowed plaintiff to see a specialist.  Plaintiff alleges filed an inmate
17   appeal concerning lack of treatment for his renal insufficiency.  Defendants Dhillon, Sahota,
18   Copley, Lewis, and Zamora denied his appeals.  Plaintiff notes that he still has not seen a kidney
19   specialist to determine how much damage has been done to his kidneys.  (Compl. Attach. Claim
20   Two 1-5.)

21   **DISCUSSION**

22   The allegations of plaintiff's complaint are so vague and conclusory that the court is
23   unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
24   complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).
25   Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice to
26   the defendants and must allege facts that support the elements of the claim plainly and succinctly.
27   Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege
28   with at least some degree of particularity overt acts which defendants engaged in that support his

claims. Id. Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the court will grant plaintiff leave to file an amended complaint.

If plaintiff chooses to file an amended complaint, he must allege facts demonstrating how the conditions complained of resulted in a deprivation of plaintiff's federal constitutional or statutory rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). In addition, plaintiff must allege in specific terms how each named defendant was involved in the deprivation of plaintiff's rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's complaint suffers from a number of deficiencies. First, to the extent that plaintiff wishes to raise a claim against defendants Dhillon, Sahota, Copley, Lewis, and Zamora for the way they have (or have not) processed his inmate appeals, he fails to state a cognizable claim for relief. Prison officials are not required under federal law to process inmate grievances in a specific way or to respond to them in a favorable manner. Even if the defendants delayed, denied, or erroneously screened out plaintiff's inmate grievances, they have not deprived him of a federal constitutional right. This is because it is well established that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (citing Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988)). See also, e.g., Wright v. Shannon, No. CIV F-05-1485 LJO YNP PC, 2010 WL 445203 at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); Walker v. Vazquez, No. CIV F-09-0931 YNP PC, 2009 WL 5088788 at *6-7 (E.D. Cal. Dec. 17, 2009) (plaintiff's allegations that prison officials failed to timely process his inmate appeals failed to a state cognizable under the Fourteenth Amendment); Towner v. Knowles, No. CIV S-08-2833 LKK EFB P, 2009 WL 4281999 at *2 (E.D. Cal. Nov. 20, 2009) (plaintiff's allegations that prison officials screened out

1  his inmate appeals without any basis failed to indicate a deprivation of federal rights); Williams v.
2  Cate, No. F-09-0468 OWW YNP PC, 2009 WL 3789597 at *6 (E.D. Cal. Nov. 10, 2009)
3  ("Plaintiff has no protected liberty interest in the vindication of his administrative claims.").  In
4  any amended complaint plaintiff elects to file, he should not include any claims concerning
5  defendants' purported failure to process or respond to his inmate appeals and staff complaints.

6  Moreover, plaintiff's complaint fails to state a cognizable claim against the named
7  defendants for their alleged inadequate treatment of his medical needs.  The Supreme Court has
8  held that inadequate medical care did not constitute cruel and unusual punishment cognizable
9  under § 1983 unless the mistreatment rose to the level of "deliberate indifference to serious
10 medical needs."  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  In general, deliberate indifference
11 may be shown when prison officials deny, delay, or intentionally interfere with medical
12 treatment, or may be shown by the way in which prison officials provide medical care.
13 Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).

14 In any amended complaint that plaintiff elects to file, he will need to allege in specific
15 terms how any named defendants were "deliberately indifferent" to his serious medical needs in
16 either denying or providing inadequate medical care to him.  Deliberate indifference is "a state of
17 mind more blameworthy than negligence" and "requires 'more than ordinary lack of due care for
18 the prisoner's interests or safety.'"  Farmer v. Brennan, 511 U.S. 825, 835 (1994).  Before it can
19 be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs
20 must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support
21 this cause of action."  Broughton v. Cutter Lab., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle,
22 429 U.S. at 105-06).  Likewise, a mere disagreement between plaintiff and defendants as to how
23 defendants provided him with medical care fails to state a cognizable § 1983 claim.  See Toguchi
24 v. Soon Hwang Chung, 391 F.3d 1051, 1058 (9th Cir. 2004); Jackson v. McIntosh, 90 F.3d 330,
25 332 (9th Cir. 1996).

26 Plaintiff is informed that the court cannot refer to a prior pleading in order to make
27 plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be
28 complete in itself without reference to any prior pleading.  This is because, as a general rule, an

amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**OTHER MATTERS**

On August 22, 2014, the court received plaintiff's motion for an extension of time to file an application to proceed in forma pauperis.  On the same day, the court received plaintiff's timely-filed application to proceed in forma pauperis.  Accordingly, the court will deny plaintiff's motion for an extension of time as unnecessary.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis (Doc. No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in dismissal of this action without prejudice.

/////
/////
/////
/////
/////

5. The Clerk of the Court is directed to send plaintiff the court's form for filing a civil rights action.

6. Plaintiff's motion for an extension of time (Doc. No. 6) is denied as unnecessary.

Dated: October 1, 2014

*/s/ Dale A. Drozd*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
harb1781.14a