UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON C. HARBOR,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOCTOR FRAZE, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-1781-WBS-EFB P (TEMP)<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  The matter is before the court on a motion to dismiss brought on behalf of defendant Dr. Dhillon.  Plaintiff has filed an opposition to the motion, and defendant has filed a reply.

**BACKGROUND**

　　　　Plaintiff is proceeding on a second amended complaint against defendant Dr. Dhillon. Plaintiff alleges that defendant Dr. Dhillon failed to adequately treat a knee injury he suffered while he was climbing stairs at Folsom State Prison.  Specifically, plaintiff complains that the defendant failed to refer him to a specialist, order him diagnostic tests, or provide him ice and pain medication.  Plaintiff alleges that several months after his knee injury, he transferred to California Medical Facility and underwent an MRI.  The MRI showed that plaintiff had a tear to

/////

1

his lateral meniscus.  On June 17, 2014, plaintiff had surgery to correct the tear.  Sec. Am. Compl., ECF No. 14, at 2-7.

## ANALYSIS

I. Motion Pursuant to Rule 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  *North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  *See also Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  In order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In determining whether a pleading states a claim, the court accepts as true all material allegations in the complaint and construes those allegations, as well as the reasonable inferences that can be drawn from them, in the light most favorable to the plaintiff.  *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  In the context of a motion to dismiss, the court also resolves doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In general, pro se pleadings are held to a less stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The court has an obligation to construe such pleadings liberally.  *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc).  However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled.  *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

2

II. <u>Discussion</u>

In the pending motion to dismiss, counsel for defendant Dr. Dhillon argues that plaintiff has failed to plead sufficient facts to state a cognizable Eighth Amendment deliberate indifference claim against Dr. Dhillon. ECF No. 23 at 3-7. Upon further review of plaintiff's second amended complaint and the exhibits attached thereto, and for the reasons set forth below, the court finds that argument to be persuasive.

To maintain an Eighth Amendment claim based on inadequate medical care, a prisoner-plaintiff must allege facts showing "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97 (1976). In the Ninth Circuit, a deliberate indifference claim has two components:

> First, the plaintiff must show a "serious medical need" by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. This second prong – defendant's response to the need was deliberately indifferent – is satisfied by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Indifference "may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." (internal citations omitted)

*Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

Liberally construing plaintiff's second amended complaint as required, the court finds that plaintiff has failed to allege sufficient facts to plausibly suggest that he is entitled to relief under the Eighth Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Specifically, while plaintiff alleges that he had a serious medical need, he has failed to allege how defendant Dr. Dhillon's conduct rose to the level of deliberate indifference to that serious medical need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1991) ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need in order for deliberate indifference to be established."), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

/////

The court has examined plaintiff's medical records, which plaintiff attached to his second amended complaint, and they make clear that Dr. Dhillon responded to plaintiff's medical needs in connection with his knee injury. Specifically, Dr. Dhillon saw plaintiff regarding complaints about his knee on July 8, 2013, July 11, 2013, July 30, 2013, October 11, 2013, and November 12, 2013. Sec. Am. Compl., Ex. A4-A9. In addition to assessing plaintiff's health during these visits, Dr. Dhillon determined that plaintiff should no longer be housed at Folsom State Prison because of his knee disability and told plaintiff to follow-up with medical staff if his custody counselor did not transfer him within a couple of weeks. *Id.* at 7 & Exs. A4, C1-C6. Dr. Dhillon also noted that plaintiff was already seeing a physical therapist in connection with a prior knee surgery he had in 2012, and encouraged him to continue that physical therapy. *Id.*, Ex. A4, C5. Finally, Dr. Dhillon determined that Tylenol was controlling plaintiff's pain unless he climbed stairs, which would cause a flare-up of his knee, *id.*, Ex. A4-A5, and as to the latter Dr. Dhillon instructed plaintiff to avoid stairs and to wear a knee brace. *Id.* She also ordered plaintiff a mobility-impairment vest to alert all prison staff of his limitations. *Id.* at 7 & Ex. A8, C5-C6. Plaintiff acknowledges that defendant Dr. Dhillon was willing to give him a stronger pain medication (NSAID), but plaintiff is unable to take such medication due to a kidney condition. *Id.*, Ex. F2. These are not the actions of a physician who has deliberately disregarded a known medical need as to the knee surgery. Plaintiff might have disagreements with Dr. Dhillon's medical judgment(s), but the medical records plaintiff has attached to the complaint demonstrate the Dr. Dhillon was not deliberately indifferent to plaintiff's medical needs.

The court observes that defendant Dr. Dhillon's care was in combination with care other prison medical staff and prison officials provided to plaintiff. Specifically, other staff issued plaintiff a Disability Placement Program Verification CDCR 1845 noting his mobility impairment. Sec. Am. Compl., Exs. C1-C6, F4. They also issued plaintiff a Comprehensive Accommodation Chrono CDCR 7410 to house him on the ground floor with a bottom bunk, and so that plaintiff could possess a left knee sleeve and a mobility-impairment vest. *Id.*, C1-C6. These forms made clear that plaintiff was not supposed to use any stairs or stand for more than thirty minutes. *Id.* The forms also stated that he was not supposed to squat, kneel, climb ladders,

or jump. *Id.* Plaintiff remained at Folsom State Prison for six months before he transferred to California Medical Facility, and during that time he participated in physical therapy, received education on stretching and strengthening his knee, and received acetaminophen for pain. *Id.*

In his second amended complaint, plaintiff alleges that defendant Dr. Dhillon was deliberately indifferent to his medical needs because she failed to refer him to a specialist, order him diagnostic tests, or provide him ice and adequate pain medication. Sec. Am. Compl. at 2. Even accepting as true plaintiff's material allegations and construing those allegations and the reasonable inferences that can be drawn from them in the light most favorable to the plaintiff, plaintiff still has not alleged sufficient facts to suggest that defendant Dr. Dhillon purposefully ignored, delayed, or failed to respond to plaintiff's medical needs. *Estelle*, 429 U.S. at 107 ("A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment."); *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012) (allegations concerning a doctor's failure to properly diagnose a prisoner with a hernia failed to state a deliberate indifference claim because at most the allegations concerned a misdiagnosis or a disagreement with the doctor's treatment); *Toguchi*, 391 F.3d at 1058 (prison officials are deliberately indifferent only if they know of and disregard an excessive risk of serious harm to an inmate's health). Further, from the medical records plaintiff has submitted with his complaint it does not appear that he can allege such facts.

At most, plaintiff has asserted a claim for negligence and/or one based on a mere difference of opinion as to the appropriate course of medical treatment for his knee injury. It is well established, however, that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton*, 622 F.2d at 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). *See also Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); *Wood*, 900 F.2d at 1334 ("In determining deliberate indifference, we scrutinize the particular facts and look for substantial indifference in the individual case, indicating more than mere negligence or isolated occurrences of neglect."). It is also well established that a mere difference of opinion between a prisoner and prison medical

personnel as to the proper course of medical care does not give rise to a cognizable § 1983 claim. *See Snow*, 681 F.3d at 988; *Jackson*, 90 F.3d at 332; *Sanchez*, 891 F.2d at 242; *Franklin*, 662 F.2d at 1344; *see also Fleming v. Lefevere*, 423 F. Supp. 2d 1064, 1070 (C.D. Cal. 2006) ("Plaintiff's own opinion as to the appropriate course of care does not create a triable issue of fact because he has not shown that he has any medical training or expertise upon which to base such an opinion.").

The Supreme Court has made clear that:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawful. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. (internal citations and quotations omitted)

*Iqbal*, 556 U.S. at 678. Here, plaintiff's allegations concerning Dr. Dhillon's medical treatment simply "do not allow the court to infer more than the mere possibility of misconduct." *Id*. at 679. *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.) (the court is not required to "accept as true allegations that are merely conclusory, require unwarranted deductions or unreasonable inferences.") (internal quotations omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). The allegations of plaintiff's second amended complaint, including the medical records attached thereto, as to Dr. Dhillon's actions have not "nudged [his] claims across the line from conceivable to plausible." *Bell Atlantic*, 550 U.S. at 570.

Accordingly, for all of the foregoing reasons, it is recommended Dr. Dhillon's motion to dismiss be granted.

III. The Complaint Should Be Dismissed Without Leave to Amend

Plaintiff is proceeding on a second amended complaint. The court dismissed plaintiff's original complaint with leave to amend and provided plaintiff with the legal standards that govern Eighth Amendment deliberate indifference claims based on inadequate medical care. Further, in addition to having already given plaintiff the opportunity to cure the deficiencies of his complaint,

which he was unable to do, plaintiff has submitted his medical records which demonstrate that plaintiff simply cannot allege facts which can support an Eighth Amendment claim as to Dr. Dhillon.

Where, as here, it is clear that the complaint suffers from pleading deficiencies that cannot be cured by amendment, dismissal without leave to amend is appropriate. *See Chaset v. Fleer/Skybox Int'l*, 300 F.3d 1083, 1088 (9th Cir. 2002) (there is no need to prolong the litigation by permitting further amendment where the "basic flaw" in the underlying facts as alleged cannot be cured by amendment); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002) ("Because any amendment would be futile, there was no need to prolong the litigation by permitting further amendment.").

## OTHER MATTERS

Plaintiff has also filed two motions for sanctions against the Attorney General's Office for allegedly misrepresenting facts in the pending motion to dismiss and for allegedly engaging in misconduct during discovery. Those motions must be denied.

In his first motion, plaintiff argues that the Deputy Attorney General has misrepresented facts in this case. For example, plaintiff contends that Dr. Borges and not defendant Dr. Dhillon referred plaintiff to physical therapy and ordered lab tests for him. Plaintiff also contends that defense counsel suggests California Medical Facility does not have stairs when in fact it does. Plaintiff is housed on the second floor of the H-Wing there. In his second motion for sanctions, plaintiff argues that the Deputy Attorney General requested and obtained his personal records, C-File, personal information, criminal history, and medical records during discovery without a court order or court-issued subpoena. According to plaintiff, the Attorney General's Office fraudulently accessed 484 pages of his private information in violation of HIPAA and Federal Rule of Civil Procedure 11(b).

Insofar as plaintiff has brought these motions pursuant to Rule 11(b), a motion pursuant to Rule 11 has stringent notice and filing requirements. *See Holgate v. Baldwin,* 425 F.3d 671, 677 (9th Cir. 2005). Specifically, Rule 11 includes a "safe harbor" provision that the court strictly enforces. *See* Fed. R. Civ. P. 11(c)(2) ("The motion must be served . . . . but it must not be filed

or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service . . . ."); *Holgate*, 425 F.3d at 677.  Here, there is no indication that plaintiff complied with the safe harbor requirement prior to moving for sanctions.

Moreover, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336 1344-45 (9th Cir. 1988).  Even if plaintiff had complied with the safe harbor provision, plaintiff has not demonstrated that defense counsel, either in filing the pending motion to dismiss or during the course of discovery, acted vexatiously, in bad faith, or with an improper purpose. *Id.* at 1344 ("we reserve sanctions for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.").

Finally, defense counsel is correct that plaintiff has no private right of action under HIPAA. *United States v. Streich*, 560 F.3d 926 (9th Cir. 2009).  In addition, plaintiff "do[es] not have a constitutionally protected expectation of privacy in prison treatment records when the state has a legitimate penological interest in access to them." *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010).  *See also* Cal. Code. Regs. tit. 15, § 3370(e) ("No case records file, unit health records, or component thereof shall be released to any agency or person outside the department, except for private attorneys hired to represent the department, the office of the attorney general ….").  Plaintiff put his medical care at issue by bringing this lawsuit and therefore, waived any right to privacy he may otherwise have maintained.  Accordingly, plaintiff's motions for Rule 11 sanctions are denied.[1]

/////

---

[1] Plaintiff filed this first motion for sanctions with a title "Responsive Reply to the Reply to Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s SAC."  ECF No. 28.  In opposition, defendants filed a motion to strike the filing as an improper sur-reply.  ECF No. 29.  Based on title and content in plaintiff's filing, defense counsel's interpretation of the document was entirely reasonable.  In opposition to defendant's motion to strike, however, plaintiff argued he did not file a sur-reply but rather had filed a Rule 11(b) motion.  In the interest of justice, the court has construed plaintiff's motion as a request for sanctions.  As discussed herein, however, the court finds that no sanctions are warranted in this case.  Accordingly, the court will deny plaintiff's requests for sanctions as well as defendant's motion to strike.

**CONCLUSION**

Accordingly, IT IS ORDERED that:

1. Plaintiff's motions for sanctions (ECF Nos. 28 & 31) are denied;

2. Defendant's motion to strike (ECF No. 29) is denied.

Further, IT IS RECOMMENDED that:

1. Defendant Dhillon's motion to dismiss the complaint for failure to state a cognizable claim for relief (ECF No. 23) be granted; and

2. The Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  March 16, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE